IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>PAMELA E. LEDLEY,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-05-cv-1975</td></tr>
<tr><td>ST. AGNES HEALTHCARE,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION AND ORDER

Pamela Ledley ("Ledley") sued Defendant St. Agnes Healthcare ("SAH") for discrimination in violation of the Americans with Disabilities Act[1] (the "ADA"), the Age Discrimination in Employment Act[2] (the "ADEA"), and the Employee Retirement Income Security Program[3] ("ERISA").  Pending is SAH's motion to dismiss the Complaint, or in the alternative, for summary judgment.  For the following reasons the motion to dismiss will be granted in part and denied in part.


I.  Background

Ledley was born on September 14, 1953.  *See* Mot. Summ. J. Ex. 1.  Ledley has a permanent hearing impairment in both ears

---

[1] 42 U.S.C. §§ 12101 et seq. (2005).

[2] 29 U.S.C. §§ 621 et seq. (2005).

[3] 29 U.S.C. §§ 1002 et seq. (2005).

and an inoperable brain tumor.  Compl. at ¶ 16.  Ledley was employed by SAH as a registered nurse.  *Id*. at ¶¶ 6, 14.  Ledley worked in SAH's OB-GYN department from 1988 until May 2003 and was employed by SAH until September 27, 2004.  *Id*. at ¶¶ 13, 16, 22, 28.

During 2002, Ledley alleges that she asked SAH for accommodations for her hearing impairment, including a relay system and a telephone capable of increased volume and clarity, but both requests were denied.  *Id*. at ¶¶ 19-20.  Ledley was removed from direct patient care in May 2003.  *Id*. at ¶ 22.  Ledley was replaced by Mary Jane Ferrin, whose date of birth is September 13, 1952.  *See* SAH Mot. at 12; Exhibit H.  SAH placed Ledley in several other positions, which Ledley alleges were "outside her field, without accommodation, and for which she had no prior experience or training."  Compl. at ¶ 23.

On January 28, 2004, Ledley met with Thomas Conley ("Conley"), SAH's Vice-President of Human Resources.  *Id*. at ¶ 24.  Conley told Ledley that she was still employed by SAH, although on a "discretionary leave basis."  *Id*.  On September 27, 2004, Ledley alleges receipt of a request from SAH for an exit interview explaining why she left her employment.  *Id*. at ¶ 28.  Ledley informed SAH that she did not voluntarily "quit" her employment.  *Id*. at ¶ 29.

On September 30, 2004, Ledley filed a charge of

2

discrimination with the Equal Opportunity Commission ("EEOC").[4]
*Id*. at ¶ 8.  On April 21, 2005, the EEOC issued Ledley a right to
sue notice.  *Id*. at ¶ 9.  Ledley filed this action on July 20,
2005.

Ledley alleges that as a result of SAH's actions regarding
Ledley's hearing impairment and her employment status, she was
discriminated against in violation of the ADA, ADEA, ERISA, and
suffered intentional infliction of emotional distress.  Ledley
seeks: (1) a permanent injunction enjoining SAH from engaging in
discriminatory employment practices; (2) an order commanding SAH
to carry out policies and programs which provide equal employment
opportunities; (3) an award of back pay, front pay, benefits, and
pre-judgment interest; (4) compensatory damages of $1 million
dollars and punitive damages of $1 million dollars; (5)
reinstatement; (6) attorney's fees and costs; and (7) any other
the relief the Court deems appropriate.

---

[4] Although the parties dispute whether Ledley filed a charge
of discrimination with the EEOC on September 30, 2004 or November
30, 2004, viewing the facts in a light most favorable to Ledley,
the Court will accept as true that the charge was filed on the
earlier date.  Furthermore, Ledley has produced, via the
declaration of Chester Kleinman, the Acting Deputy Director of
the Baltimore District Office of the EEOC, the intake
questionnaire date-stamped September 30, 2004 by the EEOC.  *See*
Opp. Mot. Ex. 3.  *See also Santiago v. Giant Food, Inc*., No. DKC
2000-930, 2001 U.S. Dist. Lexis 1402, at *7-10 (D. Md.
2001)(timely filed intake questionnaire later verified may
constitute timely charge).

II.  Analysis

A.  SAH's Motions to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

1.  Claims Dismissed

SAH argues for dismissal of the ADEA claim, because Ledley was replaced by an employee older than Ledley, thus, she cannot establish a claim of age discrimination.  Ledley concedes dismissal of her ADEA claim.  *See* Opp. Mot. at 12, n.2.  SAH also argues for dismissal of the intentional infliction of emotional

4

distress claim, because Ledley has not alleged conduct that rises
to the level of being extreme and outrageous.  As Ledley did not
contest SAH's argument in her opposition motion, the Court will
dismiss both counts with prejudice.


2.  Timely Filing of EEOC Charge under the ADA

    The only argument raised by SAH regarding Ledley's ADA claim
is untimely filing of her EEOC charge.  The ADA incorporates the
administrative and judicial enforcement scheme of Title VII of
the Civil Rights Act of 1964.  *See* 42 U.S.C. § 12117(a); 42
U.S.C. 2000e-5(e); *Tangires v. The Johns Hopkins Hospital*, 79 F.
Supp. 2d 587, 596 (D. Md. 2000).  A charge of discrimination must
be brought within 300 days of the unlawful employment practice.
*Id*.

    Ledley's charge of discrimination form states that she was
discriminated against on the basis of age and disability.  *See*
SAH Mot. Ex. 1.  The charge states that in July 2003 Ledley was
placed on discretionary leave by SAH as a result of her
disability.  *Id*.  The charge also states that on January 28,
2004, Ledley was "advised to look for employment elsewhere."  *Id*.
SAH argues that the alleged discriminatory event was when Ledley
was placed on discretionary leave, therefore, the charge of
discrimination should have been filed within 300 days of July 1,
2003 (i.e., by April 26, 2004).  SAH Mot. at 10.

Ledley responds that her cause of action accrued on or after January 22, 2004 when she acquired definite knowledge of her employment status, which was communicated to her by Conley and confirmed in an e-mail from Conley dated January 28, 2004.[5]  *See* Opp. Mot. at 8; Ex. 1.  A timely charge within 300 days of January 22, 2004 should have been filed with the EEOC by November 17, 2004.  Ledley's intake questionnaire was received by the EEOC on September 30, 2004.  It is understandable that SAH would believe the charge was untimely, because the only charge of discrimination form they were provided with is dated November 30, 2004.  As explained *supra* footnote 4, Ledley has produced evidence that the EEOC received her charge on September 30, 2004, which the Court deems timely.

In its reply, SAH still challenges the timeliness of Ledley's EEOC charge, because the basis of Ledley's ADA claim was her removal from direct patient care in May 2003, which led to several unsuccessful alternate positions, until she was placed on discretionary leave as of July 1, 2003.  Reply Mot. at 5.  Ledley filed for unemployment benefits on July 6, 2003, which SAH argues is clear that Ledley knew she would not be returning to her nursing duties at SAH.  *See* SAH Mot. at 9; Reply Mot. at 7.

---

[5] Ledley alleges in her complaint that the meeting with Conley occurred on January 28, 2004, although she states in her opposition that the meeting occurred on January 22, 2004. Because Ledley states that her cause of action accrued on January 22, 2004, the Court will analyze the argument using that date.

Although Ledley alleges discriminatory acts on January 28, 2004 and September 24, 2004, SAH argues that the discriminatory act that serves as the basis for Ledley's ADA claim was her removal from patient care in May 2003 and subsequent relegation to discretionary leave on July 1, 2003.  Reply Mot. at 6.  SAH contends that the timeliness of Ledley's charge should be measured from July 1, 2003 as the date of a discrete discriminatory act under the reasoning of *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, (2002).

The plaintiff in *Morgan* sued his employer alleging discrete discriminatory and retaliatory acts, as well as a racially hostile work environment, in violation of Title VII.  *Id*. at 104. The Court held that Title VII precludes recovery for discrete acts of discrimination that occur outside the statutory time period; hostile work environment claims may include behavior alleged outside of the statutory time period for the purposes of assessing liability, so long as any act contributing to the hostile work environment takes place within the statutory time period.  *Id*. at 105.

The Fourth Circuit has followed *Morgan*.  *See White v. BFI Waste Services, LLC*, 375 F.3d 288, 292-293 (4th Cir. 2004); *Janey v. Hess Sons, Inc*., 268 F. Supp. 2d 616, 623 (D. Md. 2003); *Mosley v. Bojangles' Restaurants, Inc*., No. 1:03cv50, 2004 U.S. Dist. Lexis 5469, at *11-14 (M.D.N.C. 2004); *Lewis v. Norfolk*

7

*Southern Corporation*, 271 F. Supp. 2d 807, 812-813 (E.D. Va. 2003).  In addition to hostile work environment claims, "continuing violation" claims have considered events outside the statutory time period if they relate to a timely incident.  *Hess Sons*, 268 F. Supp. 2d at 622.  The rationale behind a continuing violation theory is when "'a plaintiff may not know of his claim until the culmination of a long period of discrimination makes clear the violation.'"  *Id*. at 623 (*quoting Derrickson v. Circuit City Stores, Inc*., 84 F. Supp. 2d 679, 687 (D. Md. 2000)).

Ledley has not alleged a hostile work environment nor has she alleged a continuing violation by SAH.  Although Ledley alleges that SAH's harassment about her disability began in 2002 and continued through 2004, she became concerned in 2003 that SAH "wanted to get rid of her."  Compl. at ¶¶ 17, 21.  Ledley identifies specific incidents, including her removal from patient care in May 2003, placement on discretionary leave of absence in July 2003, the meeting with Conley in January 2004, and the request for an exit interview in September 2004.  *Id*. at ¶¶ 22, 24, 28; SAH Mot. Ex. 1.  Furthermore, on Ledley's charge of discrimination under "Date(s) Discrimination Took Place," she identified the earliest and latest dates of discrimination as January 28, 2004 and she did not check the box for "Continuing Action."  Ledley has only alleged discrete acts of discrimination.

Discrete discriminatory acts are separate actionable unlawful employment practices. *Mosley*, 2004 U.S. Dist. Lexis at *12. Discrete discriminatory acts are not actionable if time-barred, even if they relate to acts alleged in timely filed charges. *Id*. at *12-13. Thus, each discrete discriminatory act starts the running of a new clock for filing an EEOC charge of discrimination. *Id*. at *13. Applying the 300 day statutory limit, the May 2003 and July 1, 2003 events are time-barred; however, the January 22, 2004 charge was filed on September 30, 2004, thus it is timely. Ledley's September 27, 2004 allegation was not included in her EEOC charge of discrimination, therefore, that discrete event is time-barred and cannot relate back to the January 22, 2004 event. Ledley has sufficiently alleged one timely charge of discrimination to avoid dismissal.

3. Church Plans Exempt under ERISA

SAH argues that the employee benefit plans sponsored by SAH are "church plans" exempt from ERISA coverage, therefore, Ledley's ERISA claim should be dismissed. *See* 29 U.S.C. § 1003(b)(2); 29 U.S.C. § 1002(33). Church plans include plans maintained by organizations controlled or associated with a church. 29 U.S.C. § 1002(33)(C)(i). Ledley responds that the governance of SAH has not been addressed under the factors identified in *Lown v. Continental Casualty Company*, 238 F.3d 543

(4th Cir. 2001) to determine whether SAH shares a common bond
with a church.  The *Lown* factors are: "(1) whether the religious
institution plays any official role in the governance of the
organization; (2) whether the organization receives assistance
from the religious institution; and (3) whether a denominational
requirement exists for any employee or patient/customer of the
organization."  *Id*. at 548.  These are not the only factors a
court can consider, but they "bear primary consideration."  *Id*.

SAH has produced sufficient evidence to satisfy the *Lown*
factors.  SAH is a non-profit institution operated by the Roman
Catholic Church (the "Church") and listed in the Official
Catholic Directory.  *See* Conley Affidavit attached to SAH Mot.;
Reply Mot. at 10-14.  SAH receives assistance from The Daughters
of Charity of St. Vincent de Paul through their services to the
hospital as volunteers and employees.  *Id*.  SAH's Associate
Handbook states that services provided to patients are governed
by the Church doctrine and employees must act in accordance with
the spiritual beliefs of the Church.  *Id*.  The Internal Revenue
Service has also determined that the benefit plans applicable to
SAH employees are church plans under the Internal Revenue Code.
*See* Conley Affidavit Ex. C.  SAH's employees benefit plans are
"church plans," thus, Ledley's ERISA claim fails.

10

CONCLUSION

For the reasons discussed above, SAH's motion to dismiss will be granted in part and denied in part.


January 9, 2006                          _____/s/_____

Date                                     William D. Quarles, Jr.
                                         United States District Judge